Texas 1-13-19

Special Review Committee
P.O. Box 13401
Austin, TX 78711

Re: Request for Special Review

Dear Board Administrator:

Per Texas Administrative Code, Title 3, Ch. 145, Subchapter A (f), 145.17 - Action upon special Review - Release Denied, specifically 1., please accept this official request for special review for the following movant: Brian L. Edwards, TDCJ No. 02175291.

2. Additionally, under the above mentioned Title Chapter and Rule, movant cites the following information not previously as well as previously available to the parole panel as required:
Allegations that the parole panel has committed an error of law or board rule.

Notice has been given to and made as of record of the lack of due process to Board of Pardons and Parole (BOPP), Texas Dept. of Criminal Justice (TDCJ) Director Bryan Collier, Deputy Executive Director Oscar Mendoza, and Regional Director Miguel Martinez. As well as Lorie Davis, Director TDCJ-CID as respondent in civil action No. 7:18-cv-286 Wesley Richard Helton v. Lorie Davis Dir. TDCJ-CID. Filed July 24, 2018 U.S. District Court, Southern District of Texas, 1701 W. Bus. Hwy 83 Ste. 1011 McAllen, TX 78501;
Additionally, complaint to the U.S. Attorney General, U.S. Dept. of Justice Case Number: 168-74-0/298746. Civil Rights Division Special Citizenation Section, 950 Pennsylvania Ave., NW Washington, DC 20530. Under authority of Civil Rights of Institutional Persons Act, Pub. L 96-247 94 Stat. 349, 42 U.S.C., 01997 et. seq. (1976 ed Supp. III), which authorizes the Attorney General to bring suits in federal courts on behalf of persons institutionalized by the U.S. under unconstitutional conditions. This being notice of constitutional challenge to statutes. Rule 5.1 Civil Procedure. In part...

Texas state officials have knowingly dismantled a positive good time system which has been rendered valid by formal approval of federal officials through the Ruiz lawsuit court rulings. Rather than properly maintain this proven system of positive reinforcement, these officials delibertly erected a negative good time system in its place which consequently:

[1]

(1) Is discriminatory in nature and violates the U.S. Constitution as well as the spirit of the federal court Ruiz rulings.

(2) Nulified the inducement for prisoners to continue to obey prison authorities and work safely tword positive goals while at their institutional jobs.

(3) Eliminated the effective tool of an extremely efficient disciplinary system which served to restrain and deter prisoners conflicts without altercations and keep the masses of prisoners calmly obedient to prison authorities.

(4) Unfairly erects seemingly insurmountable barriors to prisoners release back into society based on the unreasonable principles of prisoners powerlessness to change past events (nature and seriousness, of offense) and state officials discriminatory opinions.

(5) Inequitably lengthens the sentence prisoners must serve through unjust parole laws, which start and stop a prisoners time like a stopwatch and keeps them incarcerated longer than the time the state judicial court sentenced them for their crimes.

(6) Needlessly creates an impending problem with overcrowding.

(7) Gradually erodes prisoners hope propagating a cruel environment where desperate acts are entertained and cultivated, eventually transforming prisoners into uncooperative, rebellious, and violent individuals.

(8) Unnecessarily endangers the safety and security of the above stated facts, did intentionally devise legal stratagrams to block all attempts by prisoners and outside agencies to modify this overwhelmingly suppressive and systematically negative method of good time applications.

By these actions, Texas State officials have discriminated against all Texas prisoners by seeking to make prisoners punishment more stringent than what state judicial courts sentenced prisoners by revoking of their freedom for a specific period of time and then being forced by state confinement, and which subsequently endangers the safety and security of the institution and the lives of both prison officials and prisoners. Thereby, these actions violate all Texas prisoners VIII and XIV Constitutional Amendments directly effected by is anticipated under their unconstitutional policy/procedure/custom.

V, VI, VIII, XIV Constitutional Amendments: Denial of "Due Process," when an official confiscates prisoners property and does not issue confiscation papers, officials are stealing property. Statutory Authority Rule 20, Texas Penal Code Section 31.03 Theft Ha(b)(1), PD22 Rule 20 violation of statutory authority, court order, Rules, Regulations or policies.

The gravemen of tort of abuse of process is not wrongfulness of prosecution but some extortiant perversion of lawfully initiated process to illigitimate ends.

The laws governing generally :

10. Falsification of records

32. An employee shall not destroy confiscated property, or other such items.

In administrative processes, an employee shall submit truthful accurate, and complete information and documentation. . . .

Civil Rights statute was designed to deter state actors from using their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if deterrence failed.

Bosley v. Kerney, K-1 School Dist. W.D MO 1995

Immunity defence, law governing

State law that immunizes government conduct otherwise subject to suit under §1983 is preempted by the Supremacy Clause of the Federal Constitution.

Silva v. Univ. of New Hampshire, D.N.H. 1994

As well as the common law action for the recovery of damages for the conversion of personal property

1, 43 CJS. §§1-3, 5-7, 120-121

Trover and Conversions

Depravation of Federal Guaranteed Rights

Prerequisite for viable civil rights claim is the defendant directed or knew of and acquiesced in, deprivation of plaintiffs constitutional rights.

Turiano v. Schnarrs, M.D. Fa. 1995, 904 F.Supp. 400

see Leachman v. Dretke, 261 sw 3d 297 (2008)

constitutional law is superior to statutory or otherwise and is a limitation of the tyranical pursuits and a check on governmental control. No one is bound to follow acts of usurpation since they are void and unenforceable.

Example is . . .

Texas Administrative Code Title 37, part 5, Ch. B

Rule §141.57 USE AND EFFECT OF RULES

These rules are prescribed for the performance of the constitutional and statutory powers and functions vested in the board. In no event shall they or any of them be.

construed as a limitation or restriction upon the exercise of any discretion by the board or by a parole panel.

When state officer violates federal constitutional mandates, even when carrying out state policy, he is stripped of his official or representative character and is subjected in his person to consequences of his individual conduct

Rumph v. St Workmen's Ins. Fund, 964 F.Supp 180 (1997)

Conspiracy to violate civil Rights:
Overbreadth doctrine, abuse of process and abuse of discretion.

Lechman. The clear failure to the [BOPP] to analyse or apply the law correctly is an abuse of discretion acting without reference to any guiding rules or principles acting arbitrarily or unreasonably and is cause of action under §1983 involves two essential elements:
(1) The conduct complained of was committed by a person acting under the color of state law and
(2) the conduct deprived a person of rights, privileges, or immunities secured by the constitution or the laws of the U.S.!.
Leechman clearly alleges that Milburns act of seizing his property was a due process violation and the outcome of his disciplinary hearing was predetermined thereby depriving him of due process.

The Parole Boards continued frowardness and aquiesence to the allegations presented and cited in case law is summed up in one class- as the main problem being due process

Roark & Hardee v. City of Austin, 522 F.3d 533
A statute that vest virtually complete discretion in the hands of the police fails to provide the minimal guidelines required for due process.

This case alone negates any defense the Parole Board has at its claim to unfeltered discretion in deviation of the Supreme Law of the Land and the due process it demands. The absurdity of complete discretion with no independent oversite (HB 363) continues to ignore the u.s. constitutional provisions.

<u>Fleming v. State</u>, 323 S.W. 3d 341 S.W.3.1 415 (2010)
A state legislature is free to define a criminal offense and bar consideration of a particular defense so long as due process is not offended.    U.S.C.A. 14 Amendment

<u>Nautilus Ins. Co. v Int. House of Pancakes, Inc.</u>, 622 FSupp 2d 470
Penal statutes should be strictly construed in accordance with due process concerns.    U.S.C.A. 14

<u>Rhodes v Chapman</u>, 452 U.S. 337
The VIII Amendment in only three words, imposes the constitutional limitation upon punishments: they cannot be "cruel and unusual," the court has interpreted these words "in a flexible and dynamic manner," <u>Gregg v. Georgia</u>, 428 U.S. 153 (1976) (joint opinion), and has extended the Amendments reach beyond the barbarous physical punishments at issue in the court's earliest cases. See <u>Wilkerson v. Utah</u>, 99 U.S. 130 (1879) <u>In re Kemmler</u>, 136 U.S. 436 (1890), Today the VIII Am. prohibits punishments which, although not physically barbarous, "involves the unnecessary and wanton infliction of pain," <u>Gregg v. Georgia</u>, supra, at 173, 96 S.Ct. at 2925, or are grossly disproportionate to the severi of the crime. Among "unnecessary penological justification" <u>Gregg v. Georgia</u>, supra, 428 U.S. 183. <u>Estelle v. Gamble</u>, 429 U.S. 776.

<u>U.S. v. Chagra</u> 669 F.2d 241 (Tx, 1982)
Obtaining early release through parole, like obtaining pardon is wholly contingent upon either grace or detaining authority or some affirmative statutory entitlement.

The detaining authority has given the green light to release not classified as threat and placed in Pre-Release, compiled requisites with prevailing affirmative statutory entitlement and good/work time equal to 100% time served. But due to deliberate indifference, negligence, and a concerted action utilizing fraudulent concealment to obstrict and obstruct the administration of justice. "The law of negligence, between 'misfeasance' and 'non-feasance' - that is to say, between active misconduct working positive injury to others, and passive inaction or a failure to take steps to protect them from harm." W. Page Keeton etal., The Law of Torts §56 at 374 (5th ed. 1974)

[5]

The arguements presented here include not grieving parole decisions.

<u>Marange v. Fantenal</u>, 879 F.Supp. 679.

Prisoners retain constitutional right to access to the courts protected by the 1st Am, right to petition for redress of grievance and the 14 AM guarantees of procedural and substantive due process. USCA 1, 14. Proved to be amenable to the pleadings of the first attempt at relief in the U.S Dist Court accepted civil action No. 7:18-CV-286. If relief is not attained this notice will expound upon aforementioned civil action.

## Separation of Powers

<u>Sneed v. State</u>, 625 Sw2d 677, 670 sw2d 262 (Tx. App. Amarillo 1984) Decision to grant parole is vested exclusively in executive branch of government.

Presiding officer of the Texas Board of Pardons and Parole, according to Sunset Advisory Comm. serving in the official capacity at the pleasure of the governor, is not an elected official to the executive brance of government. Then abrogates from duty sworn to uphold, constitution, as expressly designated by the governor reluctantly accede to rules, regulations, statutes, and codes as independent and insecrete therefore above the law avoiding essential and superior Law of the Land, due process. Mr. Edwards ask for expediency in the reparation in the form of moratory damages effected under color of law in violation of the rights, priviliges enumerated in these U.S. Constitutional Articles and Amendments.

Art. III Sec 2. The judicial power shall extend to all Cases in Law and Equity, arising under this Constitution, the Laws of the U.S., and Treaties made, or which may be made, under their Authority.

Art. IV, Sec. 1. Full Faith and Credit shall be given in each State to public Acts, Records, and Judicial Proceedings of every other State. Sec. 2. The Citizens of each State shall be entitled to all Priviléges and immunities of Citizens in the several States.

Art. VI. The constitution and the Laws of the U.S. which shall be made, under the Authority of the U.S. shall be the Supreme

[67]

Law of the land;

AM. I . Congress shall make no law...abridging the freedom... To petition the government for a redress of grievances.

AM. V . ... nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, private property: be taken for public use, without just compensation.

AM. VII . In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise reexamined in any court of the U.S., than according to the rules of common law.

AM. IX . The enumeration in the constitution, of certain rights, shall not be construed to deny or disparage others retained by the people.

AM. XIV . No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the U.S., nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

The BOPP is mandated to follow the rules statutory and constitutional.
The Parole Board (Panel) denied Mr. Edwards's release to mandatory supervision by reasons stated tracking (word for word) an amendment (this tracking a statute is grounds for dismissal of cause) 8(c-1)(1996), to Tex. CCP. Ann. art 42.18 §8(c). This Legislative amendment effective Sept 1, 1996 was repealed. The provisions of an appealed amendment to (TGCA) §508.149(b). This is a procedural default and the amendment is ab initio.

[7]

Deprivation of Universal Declaration of Human Rights

Art. 3. Everyone has the right to life, liberty, and security of person

Art. 4. No one shall be held in slavery or servitude; slavery and the slave trade shall be prohibited in all their forms.

Art. 5. No one shall be subjected to torture or to cruel, inhumane or degrading treatment or punishment.

Art. 7. All are equal before the law and are entitled without any discrimination to equal protection against and discrimination in violation of this Declaration and any incitement to such discrimination.

Art. 8. Everyone has the right to an effective remedy by the competent national tribunal for acts violating the fundamental rights granted him by the constitution or by law.

Art. 9. No one shall be subjected to arbitrary arrest, detention or exile.

Art. 10. Everyone is entitled in full equality to a fair and public hearing by an impartial and independent tribunal, in the determination of his rights and obligations . . . .

Art. 12. No one shall be subjected to attacks upon his honour and reputation. Everyone has the rights to the protection of the law against such interference or attacks.

Art. 17. (2) No one shall be arbitrarily deprived of his property.

Art. 23. (3) Everyone who works has the right to just and favorable renumeration . . . .

28 USC. §2254 case No. 7:18-CV-00286 filed 7-24-18
Ground one: Denied MS in violation of Equal Protection and Due Process Rights of the petitioner. Received PMS. The decision is arbitrary and capricious for the reasons given not matching the facts. The decision is based on erronious information.

[8]

Ground two: Revocation of good/work time combined with flat time exceeds 100% service of my sentence. The B.O.P.P. by denying M.S. has revoked all credits earned without a formal hearing and requisit due process. Work time credits are irrevokable and are combined with good time.

Ground three: Procedures Utilized by Texas B.O.P.P. are constitutionally arbitrary. No evidence can support the decision of the TX. B.O.P.P. that the petitioners release would endanger society. No evidence was disclosed and no opportunity to challenge the parole file contents. No opportunity to be heard in person, present witnesses, and document evidence.

Ground four: Abuse of unfettered discretion - Arbitrary and Capricious decision violates equal protection and due process. No "good cause" justification for continued incarceration supported by "some evidence." The statutory language of TX. Govt. Code §508.147 creates an "expectancy of release." that may not be deprived without due process and its mandatory nature elevates that process to include a full, fair, and impartial hearing on verified fact.

Relief sought:

Restoration of All accumulated good/work time; order the release of petitioner to mandatory supervision. Order the parole file contents to be disclosed, and the petitioner the opportunity to correct and confront the contents, grant the petitioner to be heard in person, present witnesses, and documentary evidence; a decision based upon verified facts before a neutral hearing body and good cause justification for continued incarceration instead of boiler plate reasons.

All renowned and genuine constitutional experts (such as Thos M. Cooley, Thos Jas Norton, and Henry Attwood, to name several) have always held that anything which contravenes, diminishes or perverts the Constitution is null and void and of no effect. The constitution is a contract that WE The People of the USA made with one another sets up the machinery of government to carry out this contract for the purpose of protecting individuals Rights against the powers of government and no public official has a right to override the provisions of that contract. Not even the President or Senate has authority or power to change, diminish or destroy the Constitution "by usurpation," or otherwise Lawfully changed only with Constitutional Amendment. Thos Jas Norton's Constitution of the U.S., It's Application, etc., "A law of Congress to be one of the supreme laws must be made in pursuance thereof it is of course unconstitutional and of no effect. Constitution Art. III Sec. 2

Rule § 141.3  Board Administration
(3) comply with federal and state laws related to program.
(B) Laws and court decisions related to decision making in hearings ; and
(C) case studies useful in decision making in in hearings

U.S. v. Gomez  553 F.2d 958
It is improper to request punishment to be assessed upon collateral offences

Ward v. State  581 SW 2d 164
Sentences unauthorized by law are void in Texas

State v. Webb  980 SW 2d 924
Punishment unauthorized by law refers to punishments assessed that on their face were not within the realm of punishment applicable to that particular offense.
State v. Enriquez  47 SW 3d 177
Martin v. State  84 SW 3d 267

Vague, indefinite or incapable of reasonable interpretation
Studer v. State  265 SW 2d 833

Violate Texas Constitution by failing to avoid arbitrary and capricious infliction of punishment
Texas Constitution Art. 1 §§ 13, 19
Texas Code of Crim. Pro. Art. 37.01

If punishment is not authorized by law, order imposing punishment is void.
Rodriguez v. State  939 SW 2d 211

under federal system it is only Congress, and not the courts, which can make conduct criminal.
Bousley v. U.S.  523 U.S. 614 ('98)

Judiciary is final authority on issues of statutory construction and must reject administrative constructions which are contrary to clear congressional intent.
Construction of statute . . . question for court is whether the

agencies answer is based on a permissible construction of the statute.
Chevron, U.S.A., Inc. v. Natural Resource Defense, 104 S.Ct. 2778 ('84)

The judiciary is the final authority on issues of statutory construction
and must reject administrative constructions which are contrary to
clear congressional intent.   see eg.,
FEC v. Democratic Senatorial Campaign Comm. 454 U.S. 27, 32

If congress has explicitly left a gap for the agency to fill, there is
an express deligation of authority to the agency to elucidate a
specific provision of the statute by regulation. Such legislative
regulations are given controlling weight unless they are arbitrary,
capricious, or manifestly contrary to the statute.
U.S. v. Morton, 104 S.Ct. 2769, 2776

## Federal Civil Procedure

It is the role of courts to provide relief to claimants in individuals
or class actions who have suffered, or will imminently suffer, actual
harm; it is not role of courts but that of political branches, to
share institutions of government in such fashion as to comply with
the laws and the constitution.

§508.144 Parole Guidelines and Range of Recommended Parole
              Approval Rates
(a) The board shall develop, base, ensure, establish, and impliment
    guidelines.

This assurance is not being accomplished as evidenced by
notice being given to board and eventually TDCJ Directors,
that I never received an Individual Treatment Plan
(I.T.P.). I received an I.T.P. dated 1-29-19, on
7-15-19. This I.T.P. being incorrect (as in not updated)
I received a second I.T.P. about a week later, updated, all
but the fact that I am at a pre-release treatment facility.
Indicating needs attention, or, still incorrect.

An inmates Completion of Classes or ... 2017 Tex Session
Law 2017 Serv. Ch. 505 HB 2888 program before being released
or parole.
Be it enacted by the Legislature of the State of Texas

Sec.l, sections 508.152 (b-2) and (c), Govt. Code are amended to read as follows ...

(b-2) At least once in every 12 month period, the dept. shall review each inmates I.T.P. to assess the inmates institutional progress and revise or update the plan as necessary.
The dept. shall make reasonable efforts to provide an inmate the opportunity to complete any classes or programs included in the inmates I.T.P. .

(c) The board shall conduct an initial review of an eligible inmate not later than the 180th day after the date of the inmates admission to the institutional division. The board shall identify any classes or programs that the board intends to require the inmate to complete before releasing the inmate on parole.
The dept shall provide the inmate with a list of those classes or programs.

This Act takes effect Sept. 1, 2017  Passed by the House May 6, 2017 and senate May 24, 2017.

2 years 2 months and 8 days after placing this inattention to statute with Board Administrator and then having to go to the directors of T.D.C.J.. This is a matter of law and difinative Legislative intent.

Sunset Advisory Commission July 2013 Summary of Final Results
Legislative Intent and Action SB 213 whitmire (Price)
- The Legislature has required the Parole Board to use validated guidelines and is not.
- Unneccessorily vague parole denial reasons.
- Requiring the Notification to include info that pertains directly to the offender.
- Require parole panels, when approving or denying an offenders release from incarceration to provide a clear and understandable explanation of the panels decision.
- Require the Parole Board to establish and maintain a range of recommended parole approval rates for each category or score within the parole guidelines.

Reccomended approval rates are overall 5-10% outside of recommended range.

[12]

The Parole Boards ability to make effective parole decisions is impeded by its limited use of available resources and inconsistant access to information.

The due process clause of the 5th Am., which provides a defendant with the right to be sentenced in accordance with accurate evidence.

U.S. v. Tracy   989 F.2d 1286 ('93)

I.P.O.'s use of Indictment
CA5 (Tex. '76) Indictments cannot be considered as evidence.

U.S. v. Cox   536 F.2d 65

Jenks Doctrine Requires Government to Provide All Official Reports
we hold that the criminal action must be dismissed when the government, on the ground of privilege, elects not to comply with an order to produce, for the accused's inspection and for the admission in evidence, relevant statements or reports in its possession.

Jenks v. U.S. 353 U.S. 657 ('57)

Office of Criminal Justice Planning of the Governors Office

The very fact that something in secret means there is something to hide.

Obligation Arising From Justified Reliance –
Promissory Estoppel
Papinian (circa 200 AD) In Justinian, Digest 50.1775 (circa 534).
"Nemo potest mutare consilium suum in alterius inurium".
[No one may change his mind to the injury of another.]

Federal Criminal Code and Rules 2018
§241 conspiracy against rights
If two or more persons conspire to injure, oppress, threaten, or intimidate any person of the State ... in the free exercise or enjoyment of any right or privilege secured to him by the constitution or laws of the U.S.; or because of his having so exercised the same; they shall be fined under this title or imprisoned not more than ten years, or both.

Texas Torts Claims Act. Fernandez asserts a claim against the defendants under Sec. 101.021(2) of the Tx. Tort Claims Act alleging that he suffered injury and loss of the seized property that was caused by the defendants use and misuse of prison documents, see Texas Civil Practice & Remidy Code Ann. §101.021(2) ('05) ("A governmental unit in the state is liable for personal injury and death caused by a condition or use of tangible or real property"). see Jones v. Texas Dept. of Crim. Justice-Inst. Div., 318 sw 3d 398, 404, 405 (Tex App Waco '10) Fernandez v. TDCJ-ID, 341 sw 3016 ('10)

Inverse Condemnation - Fernandez claims that his property was taken for a public use without just compensation.

~~Inverse~~ AD-03.72 (rev 6) ('15) Offender Property Texas Govt. Code §§ 493.001, 493.006(6), 494.001, 494.002(a), 500.002, 500.006, 501.007, 501.008, 501.014(a), 501.016, 659.131 Applicability (TTDCJ)

"Intangibility Value" is value that cannot be seen or touched, such as goodwill. This value can be monitized. "Registered Property" refers to items supported by ownership documentation and engraved if practical, or marked with owners TDCJ number.
Time Sheet = registered property receipt with TDCJ number representing AD-03.72 intangible value of vested liberty interest.

## Absentee Tracking Policies

XVI Status and work time credits combined
    The "status" time and "work" time credits have been tied together. "Status" time is the good time earned by the time earning class, "work" time is the 15 days additional good time ~~earning class~~, an offender may earn for "diligent participation in work or school programs.

~~Good~~ time credited tword sentence is neither constitutional right nor entitlement ~~but~~ is simply privilege, not until the prisoner has accrued such credit does procedural due process become involved. U.S.C.A. 14 §498.003(a)
    Thomas v. ~~Scott~~, 927 SW2d 142 ('96)

Although U.S. Constitution does not guarantee any right to good-conduct time credit, once state provides such right it is sufficiently embraced within 14th AM. "Liberty" to entitle convict to minimum procedures appropriate under circumstances and required by due process clause to insure that each state created right is not arbitrarily abrogated

<u>Ex parte Henderson</u>   645 SW 2d 469

To prevail on claim for deprivation of liberty interest in his reputation, plaintiff must allege and establish that there was information published that was fake and stigmatizing, and alleged stigmatization must be coupled with loss of liberty or property interest initially recognized and protected by state law. U.S.C.A. 5, 14

<u>Whitney V. State of NewMexico</u>   113 F3d 1170 ('97)

To st_ a claim for relief under sec. §1983 plaintiffs must plead two essential elements
(1) defendants acted under color of state law and
(2) that defendant caused them to be deprived of rights secured by Constitution and laws of U.S..   42 U.S.C.A. §1983

<u>Johnson V. Knowles</u>   113 F. 3d 1114 (9th Cir. '97)

## Procedural Due Process

We think a persons liberty is equally protected even when the liberty itself is a statutory creation of the state.
The touchstone of due process is protection of the individual against arbitrary action of government.

<u>Wolff V. McDonnell</u>   418 US 558 ('74)

Texas inmates who are eligible for release to M.S. have protected liberty interest in that release.

<u>Kossie V. Crain</u>   602 F.Supp. 2d ('86)

State law supplies only substance of liberty interest protected by due process; federal constitution law governs procedures that are required when interest is withdrawn.   U.S.C.A. 5, 14

<u>Brown v. Plaut</u>   131 F3d 163 ('97)

The Parole Board must give prisoners
(1) adequate notice to prepare for a parole hearing and
(2) copies or a summary of the information in the Board's file
on which the Board will rely.
Labrum v. Utah St. Board of Pardons 870 P2d 202 (1993)

Quasi-contract in expectation of cashing in on credits for mandatory supervision and anticipatory repudiation under UCC §2-610 given in previous correspondence.
UCC sec 2-609 provides in part Right to Adequate Assurance of Performance
This is to serve as demand of release to mandatory supervision for the taking of credits for release.
Citing the Boards obligation of Good Faith under UCC 1-304 will invoke UCC §1-305 (a) Remedies to be liberally administered. This is due to the obligation arising from unjust enrichment. And ask for restatement of restitution.
UCC sec. 1-303 provides - imposes a duty of good faith.
Subterfuges and evasions violate the obligation of good faith in performance even though the actor believes his conduct to be justified.
Interference with or failure to cooperate in the other partys performance, evasion of the spirit of the bargain, lack of diligence and slacking off, willful rendering of imperfect performance and abuse of power to specify terms.
UCC §1-205 In a reasonable time

By not fulfilling quasi-contract of release to mandatory supervision at 100% of credited time a breach of duty and contract is effected. UCC §2-210(1)

Obligee reserves his rights and refutes novation.

Respectfully Submitted,
Without Prejudice UCC 1-308
TDCJ # 02175291
Brian L. Edwards

1827 Woodbury
Carrollton TX 75007

Kim Gambino
1827 Woodbury
Carrollton, TX 75007



CLERK of the United States District Court
Southern District of Texas
1701 W. Business Hwy. 83 Ste. 1011
MC ALLEN, TX        78501

CLERK U.S. DISTRICT COURT
RECEIVED
JAN 2 1 2020
S. DIST. OF
MCALLEN, TEX